JESSE VAN ZANDT v. STATE OF OHIO.

**1. Conviction for Homicide not Set Aside if Circumstances Point Strongly Against Accused.**

A conviction for manslaughter will not be set aside where the circumstances in evidence point strongly against accused and there is no suggestion that any other person could or did commit the crime.

**2. Instructing that Conviction of One, Accused of First Degree Murder, Might be Held for Second Degree, Manslaughter or Assault and Battery, not Erroneous.**

Instructing that one accused of first degree murder might be found guilty of murder in the second degree, manslaughter or assault and battery is not erroneous.

**3. Objections to Admission of Evidence not Specific.**

In a criminal trial an objection to admission of evidence is not sufficiently specific since it is not addressed to any particular question, and no motion is made to rule out any answer given either before or after the entering of the objection.

ERROR to common pleas court.

*Littleford, James, Frost & Foster,* for plaintiff in error.

*Dennis F. Cash,* and *Coleman Avery,* for defendant in error:

Cited and commented upon by the following authorities: *State* v. *Knapp,* 70 Ohio St. 380 [71 N. E. Rep. 705; 1 Ann. Cas. 819]; *Stewart* v. *State,* 1 Ohio St. 66; *Williams* v. *State,* 30 O. C. C. 342 (11 N. S. 4); *Whitcomb* v. *State,* 14 Ohio 282; *Breese* v. *State,* 12 Ohio St. 146 [80 Am. Dec. 340]; *Hurley* v. *State,* 46 Ohio St. 320 [21 N. E. Rep. 645; 4 L. R. A. 161]; Chase's Stephen's Dig. Ev. Art. 131, p. 327, n. 1, p. 330; *Putnam* v. *United States,* 162 U. S. 687 [16 Sup. Ct. Rep. 923; 40 L. Ed. 1118]; *Peters* v. *United States,* 94 Fed. Rep. 127 [36 C. C. A. 105]; *Commonwealth* v. *Phelps,* 77 Mass. (11 Gray) 73; *Billingslea,* v. *State,* 85 Ala. 323; *State* v. *Hayden,* 45 Iowa 11.

Van Zandt v. State.

**GIFFEN, P. J.**

Jesse Van Zandt was indicted for murder in the first degree and convicted of manslaughter.

The first count of the indictment charges that he choked his wife to death, the second that he bound and gagged her and then placed her head and shoulders upon a burning gas stove, and the third that the means employed were unknown to the grand jurors.

On the morning of January 29, 1910, the body of Alice Van Zandt, his wife, was found lying on the floor of her kitchen with the head and shoulders resting upon a burning gas stove or plate a few inches above the floor, her feet being loosely tied together with a piece of coarse lace. There is no direct or positive evidence that the defendant placed her there, nor that he choked her; but the circumstances disclosed in the record convince us that he is guilty. His disgraceful conduct and relations with the young woman, Agnes Barry, although not shown to be criminal, furnish a sufficient motive for one who has so little regard for the welfare of his wife and children, in the face of her repeated protests. The defense of an alibi is not sustained by the evidence. It is of course true that by taking some of the testimony as to time and place as exact and undisputed, the defense would be established; but its very precision evidently cast doubt upon it in the minds of the jury, who rightly found that he had abundant time and opportunity to commit the crime.

There is no suggestion that any other person could or did commit it; but the theory of his counsel is that the deceased, having at different times threatened to take her own life, did take poison and either designedly or accidentally fell upon the burning gas plate.

The post mortem does not support the theory of self-destruction by poison, and she certainly did not deliberately place her head and shoulders in the gas flames, and thus remain until life ended. Our conclusion is that the verdict is sustained by sufficient evidence.

Objection was made to the cross-examination by the prosecuting attorney of two of the state's own witnesses by asking

them concerning statements made by them at another time, one before the grand jury and the other before the coroner, for the alleged purpose of refreshing their recollection. Although this sort of examination is condemned by the Supreme Court of the United States in the case of *Putnam* v. *United States,* 162 U. S. 687 [16 Sup. Ct. Rep. 923; 40 L. Ed. 1118], and in some of the states, it is upheld in the case of *Hurley* v. *State,* 46 Ohio St. 320 [21 N. E. Rep. 645; 4 L. R. A. 161]. While the prosecutor made rather free use of the privilege, especially at page 56 of the bill of exceptions, by asking the witness if a certain question and answer repeated from the transcript of evidence taken before the coroner were not given, and then without waiting for an answer by the witness propounding another like question, still we are of the opinion that the defendant was not thereby prejudiced.

It was not error for the court to charge the jury that if the evidence justified it they might return a verdict of murder in the second degree, or of manslaughter, or assault and battery. Section 13692 G. C.; *Marts* v. *State,* 26 Ohio St. 162.

The prosecutor was not bound to call as witnesses Theodore Wetterstrom and Agnes Fox, neither of whom had any personal knowledge of the alleged murder; and both being subsequently called and testifying as witnesses for the defendant, he suffered no prejudice.

The burned clothing of the deceased being produced in court, counsel for defendant objected to their introduction as evidence, and thereupon the prosecutor, not offering them as evidence, threw them down before the jury. Just how dramatic the act was, if at all, or for what purpose they were brought into court, does not appear; but we think they were even competent as evidence of the extent of the fire and its effect upon the body of the deceased, if alive when she came in contact with it. We can not say, therefore, that the defendant was thereby prejudiced.

While we think, as already stated, the relations existing between the defendant and the young woman, Agnes Barry, were competent evidence as showing a motive for committing the crime, yet we agree with counsel in their claim that the

·details of the drunken party held at the home of Mrs. Langdon were inadmissible; but the objection at the bottom of page 165 of the bill of exceptions is not addressed to any particular question, and no motion was made to rule out any answer made before or after the objection; hence the objection and exception are not sufficiently specific to require a different ruling from that made at the time objection was interposed.

The newly-discovered evidence tendered in support of the motion for a new trial is in part negative and in part cumulative, the introduction of which would not require the jury to return a different verdict.

The judgment will be affirmed.

**Smith** and **Swing, JJ.,** concur.